Naomi Sarega, Esq., SBN 20-110
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave, #200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6729 facsimile
Email: ns@higbee.law

*Attorney for Plaintiff,*
NATASCHA LINDEMANN,

**UNITED STATES DISTRICT COURT**
**DISTRICT OF NEW MEXICO**

| | |
|---|---|
| NATASCHA LINDEMANN | Case No. 1:25-cv-920 |
| Plaintiff, | **COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF** |
| v. | |
| JADA ROSS HOLDINGS LLC d/b/a SKIN BY JADA ROSS; and DOES 1 through 10 inclusive, | **COPYRIGHT INFRINGEMENT** |
| Defendants. | **DEMAND FOR JURY TRIAL** |

Plaintiff, Natascha Lindemann alleges as follows:

## JURISDICTION AND VENUE

1. This is a civil action seeking damages and injunctive relief for copyright infringement under the Copyright Act of the United States, 17 U.S.C. § 101 *et seq*.

2. This Court has subject matter jurisdiction over Plaintiff's claims for copyright infringement pursuant to 28 U.S.C. § 1331 and 28 U.S.C. § 1338(a).

3. This Court has personal jurisdiction over Defendant because Defendant conducts business and/or resides within this judicial district, Defendant's acts of infringement complained of herein occurred in this judicial district, and Defendant caused injury to Plaintiff within this judicial district.

4. Venue in this judicial district is proper under 28 U.S.C. § 1391(b)-(d) and 1400(a) in that this is the judicial district in which a substantial part of the acts

and omissions giving rise to the claims occurred, Defendant resides in or can be found in this district, Defendant conducts regular and substantial business in this district and/or is a corporate defendant whose contacts with this district are sufficient to subject it the personal jurisdiction of this Court.

## PARTIES

5. Plaintiff Natascha Lindemann ("Plaintiff" or "Lindemann") is an individual and professional photographer.

6. Defendant Jada Ross Holdings LLC d/b/a Skin By Jada Ross ("Defendant" or "JRH") is a New Mexico limited liability company with a principal place of business at 530 B Harkle Rd #100, Santa Fe, New Mexico 87505

7. Plaintiff is unaware of the true names and capacities of the Defendants sued herein as DOES 1 through 10, inclusive, and for that reason, sues such Defendants under such fictitious names. Plaintiff is informed and believes on that basis alleges that such fictitiously named Defendants are responsible in some manner for the occurrences herein alleged and that Plaintiff's damages as herein alleged were proximately caused by the conduct of said Defendants. Plaintiff will seek to amend the complaint when the names and capacities of such fictitiously named Defendants are ascertained. As alleged herein, "Defendant" shall mean all named Defendants and all fictitiously named Defendants.

8. For the purposes of this Complaint, unless otherwise indicated, "Defendant" includes all agents, employees, officers, members, directors, heirs, successors, assigns, principals, trustees, sureties, subrogates, representatives, and insurers of the Defendants named in this caption.

## FACTUAL ALLEGATIONS

*Plaintiff Natascha Lindemann is a successful professional beauty photographer*

9. Natascha Lindemann is a highly successful beauty and beauty product photographer.

10. Lindemann features her work on her Instagram page, which has

1 amassed over 140,000 followers.

2     11.    Lindemann has licensed her work for commercial use to Sephora, Mac Cosmetics, Artdeco, Huda Beauty, Dyson, Kylie Skin, and Wycon Cosmetics and her work has been featured in *Women's Health Magazine*, *Harper's Bazaar Magazine*, and *Cosmopolitan*.

    12.    Lindemann's livelihood depends on receiving compensation for the photographs she produces, and the copyright protection afforded to Lindemann's work deters would-be infringers from copying and profiting from her work without permission.

    13.    Lindemann is the sole author and exclusive rights holder to an original close-up beauty shot of model with beauty product on the lower half of her face ("Beauty Photograph").

    14.    Attached hereto as Exhibit A is a true and correct copy of the Beauty Photograph.

    15.    Lindemann registered the Beauty Photograph with the United States Copyright Office under Registration No. VA 2-305-168 with an effective date of registration of June 6, 2022.

    16.    Attached hereto as Exhibit B is a true and correct copy of Registration VA 2-305-168.

***Defendant Jada Ross Holdings LLC d/b/a Skin By Jada Ross***

    17.    Defendant JRH is and was, at all relevant times, the owner, operator, and manager of a commercial website https://www.skinbyjadaross.com/ ("Defendant's Website").

    18.    According to Defendant's Website, JRH is a skin care company offering a variety of different skin related products, including but not limited to, body wash, milk cleanser, body oils, and moisturizers. *See generally* https://www.skinbyjadaross.com/.

    19.    Defendant manages, operates, and controls an Instagram page under the

handle @skin_byjadaross ("Defendant's Instagram"), which advertises, promotes, and markets Defendant's products. *See generally* https://www.instagram.com/skin_byjadaross/.

20. Upon information and belief, Defendant's Instagram generates content in order to promote Defendant's products, attract users to purchase Defendant's products, and increase user traffic to Defendant's Website to generate profit and revenue for the company and its owner(s) though the promotion and sale of its products.

21. At all relevant times, Defendant had the ability to supervise and control all content on Defendant's Instagram.

22. At all relevant times, Defendant had a direct financial interest in the content and activities of Defendant's Instagram (including the activities alleged in this Complaint).

23. At all relevant times, Defendant's Instagram were readily accessible to the general public throughout New Mexico the United States, and the world.

### *Defendant Jada Ross Holding LLC's Infringing Conduct*

24. On or about May 24, 2024, Lindemann discovered her Beauty Photograph published by Defendant on Defendant's Instagram with the caption "Face Cream 2.0. Get rid of hyperpigmentation, dark spots, and achieve a smooth even-tone completion. A face brightening cream infused with natural ingredients that works! If you want to brighten, lighten, restore, rejuvenate, or revitalize your skin, look no further, Face Cream 2.0 from skin by Jada ross get's the job done! Grab Yours: https://www.skinbyjadaross.com Follow: @skin_byjadaross #skinbyjadaross #facecream #facebrighenting #facelightening #brighteningcream #darkspotcream #darksincare #unevenskintone #darkspotsolution #blackskincare #glowingskin #glowingskincare #glowingcream #darkspots #melaninskincare #hyperpigmentation #hyperpigmentationcream #mealsmaskincare #skincare" ("Infringing Post").

25. Attached hereto as Exhibit C is a true and correct screenshot of the

Beauty Photograph published to and displayed on Defendant's Instagram in the Infringing Post.

26. According to Defendant's Website, Defendant sells the product "Face Cream 2.0" ("Defendant's Product") for $120.99. *See generally* https://www.skinbyjadaross.com/products/natural-skin-lightening-cream.

27. Shortly after discovering the unauthorized use of the Beauty Photograph, Plaintiff, through counsel, reached out to JRH to have the Beauty Photograph removed from Defendant's Instagram and so that Lindemann could be compensated for the unauthorized use of her Beauty Photograph but after initially responding to Plaintiff's contact attempts, JRH ceased communication with Plaintiff.

28. In no event did Lindemann consent to, authorize, or provide Defendant a license, permission, or authorization to use, make a copy, or publicly display the Beauty Photograph in the Infringing Post on Defendant's Instagram or in any other manner.

29. Lindemann is informed and believes JRH (including their employees, agents, contractors, or others over whom they have responsibility and control) created an unauthorized copy of the Beauty Photograph and caused it to be uploaded to and displayed on Defendant's Instagram.

30. Lindemann is informed and believes that the purpose of the use of the Beauty Photograph in the Infringing Post on Defendant's Instagram was to couple high-quality visual content, via a professionally produced photograph, with textual content to create an aesthetic, visually inviting presentation of the marketing message and support JRH's marketing goals to entice users to browse through the Defendant's Instagram and ultimately purchase Defendant's Product from Defendant which would generate revenue for Defendant. Specifically, Defendants copied, displayed and published the Beauty Photograph to Defendant's Instagram in order to advertise Defendant's Product, as evidenced by the caption included in the Infringing Post by Defendants.

31.  Lindemann is informed and believes Defendant (including their employees, agents, contractors, or others over whom they have responsibility and control) used, displayed, published, posted, and otherwise held out to the public Lindemann's original and unique Beauty Photograph for commercial purposes and in order to acquire a direct financial benefit, through revenue from clients purchasing and using Defendant's Product, from the use of the Beauty Photograph. Specifically, Defendant copied, displayed and published the Beauty Photograph to Defendant's Instagram in order to advertise Defendant's Product as evidenced by the caption included in the Infringing Post by Defendants.

32.  Defendant willfully infringed upon Plaintiff's copyright in the Beauty Photograph because, *inter alia*, Defendant knew or should have known they did not have a legitimate license, permission, or authorization to use the Beauty Photograph on Defendant's Instagram.

## CAUSE OF ACTION
## COPYRIGHT INFRINGEMENT
## 17 U.S.C. § 101 *et seq.*

33.  Plaintiff incorporates by reference all of the above paragraphs of this Complaint as though fully stated herein. Plaintiff did not consent to, authorize, permit, or allow in any manner the said use of Plaintiff's unique and original Beauty Photograph.

34.  Lindemann owns a valid copyright in the Beauty Photograph.

35.  Lindemann registered the Beauty Photograph with the Register of Copyrights pursuant to 17 U.S.C. § 411(a).

36.  Plaintiff is informed and believes and thereon alleges that the Defendant willfully infringed upon Plaintiff's rights in the copyrighted Beauty Photograph in violation of Title 17 of the U.S. Code, in that it used, published, communicated, benefited through, posted, publicized, and otherwise held out to the public for commercial benefit, the original and unique Beauty Photograph of the Plaintiff without Plaintiff's consent or authority, and acquired monetary gain and

market benefit as a result.

37. Specifically, Defendant made an unauthorized copy and then publicly displayed the Beauty Photograph with the Infringing Post on Defendants' Instagram.

38. As a result of Defendant's violations of Title 17 of the U.S. Code, Lindemann has sustained significant injury and irreparable harm.

39. As a result of Defendant's violations of Title 17 of the U.S. Code, Plaintiff is entitled to any actual damages pursuant to 17 U.S.C. §504(b), or statutory damages pursuant to 17 U.S.C. § 504(c).

40. As a result of the Defendant's violations of Title 17 of the U.S. Code, the court, in its discretion, may allow the recovery of full costs from Defendants as well as reasonable attorney's fees pursuant to 17 U.S.C § 505.

41. Plaintiff is also entitled to injunctive relief to prevent or restrain infringement of her copyright pursuant to 17 U.S.C. § 502.

## **PRAYER FOR RELIEF**

**WHEREFORE**, Plaintiff prays for judgment against Defendant as follows:

- For a finding that Defendant infringed Lindemann's copyright interest in the Beauty Photograph by copying, displaying, and distributing it without a license or consent;
- For an award of actual damages and disgorgement of all of Defendant's profits attributable to the infringement as provided by 17 U.S.C. § 504 in an amount to be proven or, in the alternative, at Plaintiff's election, an award for statutory damages against Defendant pursuant to 17 U.S.C. § 504(c), whichever is larger;
- For costs of litigation and reasonable attorney's fees against each Defendant pursuant to 17 U.S.C. § 505;
- For an injunction preventing each Defendant from further infringement of all copyrighted works of the Plaintiff pursuant to 17 U.S.C. § 502;
- For pre-judgment interest as permitted by law; and
- For any other relief the Court deems just and proper.

| | |
|---|---|
| Dated: September 23, 2025 | Respectfully submitted,<br><br>**/s/ Naomi Sarega**<br>Naomi Sarega, Esq.,<br>SBN 20-110<br>**HIGBEE & ASSOCIATES**<br>3110 W Cheyenne Ave, #200<br>North Las Vegas, NV 89032<br>(714) 617-8373<br>(714) 597-6729 facsimile<br>*Attorney for Plaintiff* |

8
**COMPLAINT**

## **DEMAND FOR JURY TRIAL**

Plaintiff, Natascha Lindemann hereby demands a trial by jury in the above matter.

Dated: September 23, 2025

Respectfully submitted,

**/s/ Naomi Sarega**
Naomi Sarega, Esq.,
SBN 20-110
**HIGBEE & ASSOCIATES**
3110 W Cheyenne Ave, #200
North Las Vegas, NV 89032
(714) 617-8373
(714) 597-6729 facsimile
*Attorney for Plaintiff*